**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:13-CV-707-RJC-DCK**

| | | |
|---|---|---|
| **PHILLIP SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CONSENT CONFIDENTIALITY AND** |
| **UNION COUNTY BOARD OF** | ) | **PROTECTIVE ORDER** |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter coming on to be heard on the Motion of Defendant, and at the request of the parties, without oral argument, and before the below-signed United States Judge Presiding, for entry of a Consent Confidentiality and Protective Order. The Court, having reviewed the applicable pleadings and noting the consent of the parties, finds that Plaintiff and Defendants agree to entry of this Consent Confidentiality and Protective Order governing the production and exchange of documents produced, given, or exchanged by and among the parties through the course of the above-captioned litigation. Accordingly, it is hereby ordered that the following terms shall apply:

1.  Trade secrets, financial information and other proprietary or confidential commercial information, non-public financial information concerning the parties, medical records, psychiatric records, counseling records, rehabilitation records, tax returns including Social Security and Tax ID numbers, non-public investigative or complaint files, that

1

are produced or revealed at any time during and as a result of this lawsuit, shall be considered "CONFIDENTIAL MATERIAL" hereunder, if so designated, in the case of documents, in writing, at the time of production in the manner described herein.

2. Documents include all manner and form by which information is recorded or reproduced, including by way of illustration, and not by way of limitation, the following items: electronically stored information; computer files; computer printouts; computer data and summaries; e-mails; photographs; videotapes; audiotapes; films; digital recordings; CDs; notes; correspondence; letters; and written or recorded communications of any nature.

3. Depositions shall not be deemed CONFIDENTIAL MATERIAL, although the exhibits attached to them may be deemed CONFIDENTIAL MATERIAL if designated "CONFIDENTIAL." Any party may designate other portions of the deposition testimony as "CONFIDENTIAL MATERIAL" at the time of taking the deposition or within 30 days after receipt of the deposition transcript or within 30 days of entry of this Order by the Court, whichever is later.

4. Privilege Logs shall not be CONFIDENTIAL MATERIAL.

5. All CONFIDENTIAL MATERIAL disclosed in discovery of this action shall be used solely for purposes of prosecuting or defending this litigation, and shall not be used for any other purpose except as permitted by this Protective Order or by the Court.

6. Documents may be designated as containing CONFIDENTIAL MATERIAL by stamping the document "CONFIDENTIAL" or any other reasonable means which places the other party on notice that the documents are considered CONFIDENTIAL.

7. All documents designated "CONFIDENTIAL" shall be maintained in confidence by

the entity to which such documents are produced or given, and shall not be disclosed to any person, without prior court approval, except:

(a) The Court (including court reporters, stenographic reporters, videographers, and court personnel);

(b) The attorneys of record, partners, and employees of the attorneys of record;

(c) Any other person as to whom the producing party making the "CONFIDENTIAL" designation agrees in writing before disclosure to the other Person;

(d) Any party to this litigation, including employees thereof;

(e) Any witness or prospective witness, including, without limitation, expert witnesses, to the extent that CONFIDENTIAL MATERIAL to be reviewed by the witnesses is or may be relevant to testimony to be provided by the witness.

(f) Any expert consultant used by counsel for a party to assist in preparation or trial of this case; and

(g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Any person reviewing CONFDENTIAL MATERIAL pursuant to (c) – (g), shall be provided with a copy of this Confidentiality and Protective Order and instructed that they are reviewing the information subject thereto.

8. All documents designated by a producing party as "CONFIDENTIAL" shall be stored and maintained at the offices of attorneys of record or in their custody and control, except that copies thereof may be provided to persons permitted to review such documents pursuant to paragraph 7 hereof.

9. The restrictions set forth in the preceding paragraphs shall not apply to information

which: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of the non-designating party who has no obligation to the owner thereof of any party.

10. This Order shall be without prejudice to the right of any party to bring before the Court by motion, at any time, the question of whether any information has been improperly designated as CONFIDENTIAL/CONFIDENTIAL MATERIAL, in which event the party asserting confidential status shall have the burden of establishing the same.

11. No party shall be obligated to challenge the propriety of any designation of CONFIDENTIAL/CONFIDENTIAL MATERIAL, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

12. The ultimate disposition of protected materials is subject to a final order of the Court upon the completion of litigation.

13. Production and use of CONFIDENTIAL MATERIAL at trial is the province of the presiding trial judge, and the terms of this Order do not control the production and use of CONFIDENTIAL MATERIAL at trial.

14. The production or disclosure of CONFIDENTIAL MATERIAL pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL MATERIAL during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the authenticity, relevancy, admissibility, discoverability and/or any other objection under the Federal Rules of Civil Procedure, Federal Rules of

Evidence and/or the applicable substantive law, in connection with any proceeding in this action.

15. If any such CONFIDENTIAL MATERIAL is used in connection with a deposition or other discovery or documents filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order.

16. The inadvertent, unintentional or *in camera* disclosure of CONFIDENTIAL MATERIAL shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. Each person who receives CONFIDENTIAL MATERIAL submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

18. Either party may at any time seek modification of this Confidentiality and Protective Order by agreement, or failing agreement, by motion to the court.

19. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the protected documents for the enforcement of the provisions of this Order.

Signed: September 8, 2014

David C. Keesler
United States Magistrate Judge

CONSENTED TO:


/s/ Katherine T. Armstrong
Katherine T. Armstrong (NCSB #36305)
Attorneys for Defendant
ROBINSON ELLIOTT & SMITH
P.O. Box 36098
Charlotte, North Carolina 28236
Telephone (704) 343-0061
Email: karmstrong@reslawfirm.net



/s/ Kirk J. Angel
Kirk J. Angel (NCSB #33559)
Attorney for Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N.
Concord, NC 28075
Telephone (704) 706-9292
Email: kirk@theangellawfirm.com